UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ALVIN DAMPIER, | ) | CASE NO. C05-1472-JCC-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| KING COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff is a prisoner at the King County Jail in Seattle, Washington. He has submitted to this Court for review a *pro se* civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed with this action *in forma pauperis*. Plaintiff asserts in his complaint that he has tracking devices in his feet, legs, teeth, and hands which allow every conversation and every movement of his to be tracked. He contends that these devices are a part of a civil conspiracy which is causing him major mental health problems. He identifies the King County Jail as the sole defendant in this action and indicates that he wishes to have the Jail held liable for negligence and malpractice based, apparently, on the Jail's role in the alleged conspiracy.

In order to sustain a civil rights action, a plaintiff must show (1) that he suffered a violation

of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-694 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

A local government unit or municipality can be sued as a "person" under § 1983. *Monell*, 436 U.S. at 691. However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell* 436 U.S. at 694). Plaintiff's complaint fails to meet these standards.

The Court first notes that the King County Jail, as an entity of King County, is not a proper defendant in this action. *See Nolan v. Snohomish County*, 59 Wn.App. 876, 883 (1990) ("in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued.") Even assuming plaintiff's complaint can reasonably be construed as asserting a claim against King County, plaintiff has not specifically alleged the violation of any federal constitutional right nor has he alleged that any policy or custom of King County caused the harm alleged in the complaint.

REPORT AND RECOMMENDATION
PAGE -2

01       Accordingly, plaintiff has not adequately alleged a cause of action under § 1983. Because it appears unlikely that the deficiencies in plaintiff's complaint could be cured by amendment, this Court recommends that plaintiff's application to proceed *in forma pauperis* be denied. A proposed order accompanies this Report and Recommendation.

      DATED this 12th day of October, 2005.

                                      Mary Alice Theiler
                                      United States Magistrate Judge